### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | |
| KEITH JACOBS, | : | No. 09-cr-141-1 |
| | : | |
| Defendant/Petitioner. | : | |
| | : | |
| | : | |

## ORDER

AND NOW, this 6th day of November, 2023, upon consideration of the Petitioner's *Motion to Vacate, Set Aside, or Correct the Sentence* pursuant to 28 U.S.C. § 2255 (ECF No. 68), it is hereby **ORDERED** that said Motion is **DENIED** for the reasons set forth in this Court's accompanying Memorandum.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : |
| | : No. 09-cr-141-1 |
| KEITH JACOBS, | : |
| Defendant/Petitioner. | : |

**MEMORANDUM**

**J. Younge**                                                                                                  **November 6, 2023**

**I.      INTRODUCTION**

Petitioner Keith Jacobs filed his Motion to Vacate, Set Aside or Correct the Sentence pursuant to 28 U.S.C. § 2255 on June 20, 2016.  (ECF No. 68.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons stated in the following Memorandum, this Motion is Denied.

**II.     FACTUAL BACKGROUND**

On March 5, 2009, Petitioner Keith Jacobs was charged in a three count Indictment with conspiracy to interfere, and interference, with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a) and 2 and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1).  *See* Indictment, ECF No. 1.  On April 23, 2009, Petitioner was charged in a seven-count Superseding Indictment with two additional robberies and two additional charges for use of a firearm during a crime of violence.  *See* Superseding Indictment, ECF No. 20.  Petitioner pled guilty to all seven counts on June 3, 2009 and was sentenced, on June 7, 2012, to thirty-six

months for the robberies and consecutive terms totaling 384 months on two of the Section 924(c) counts[1] for a total term of imprisonment of 420 months.

The Petitioner pled guilty to the following pertinent facts at his June 3, 2009 Change of Plea hearing:

> On January 15, 2009, Mr. Jacobs [and his co-defendant] went into the Oxford Circle Pharmacy . . . Mr. Jacobs produced a gun after asking for some drugs, and proceeded to – attempt to rob the place, taking both money from the register and a cash box, as well as drugs. Somebody called the police, however, so when Mr. Jacobs [and his co-defendant] were due to leave, they found themselves surrounded by police . . .
>
> [The co-defendant] indicate[d] that Mr. Jacobs had bragged to him about robbing other stores . . . Subsequent to that, Mr. Jacobs was re-interviewed by police, as it relates to the two new robberies they were investigating, Lee's and Ring. And Mr. Jacobs confessed to both of those robberies as well, [and] indicated that he had committed them with the same gun that he had committed the Oxford Circle robbery.

(N/T 6/3/19 Change of Plea Hearing, ECF No. 41, pp. 17-19.)

On June 18, 2016, Petitioner filed a timely[2] Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255(a). (ECF No. 68.) This Motion challenges the constitutionality of his convictions based on the Supreme Court's holding in *Johnson v. United States*, 576 U.S. 591 (2015) and requests that this Court vacate Petitioner's Section 924(c) conviction and sentence. See ECF No. 68.

### III.   LEGAL STANDARD

A federal prisoner may move the court to vacate, set aside, or correct the sentence where the sentence imposed was unconstitutional, imposed by a court that lacked jurisdiction, in excess

---

[1] The government dismissed one of the three Section 924(c) charges.
[2] There is a one-year limitations period that runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). *Johnson v. United States*, the relevant benchmark case, was decided on June 26, 2015. 576 U.S. 591 (2015).

of the lawful maximum, or otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  The wrongful application of a mandatory minimum sentence or other sentencing enhancements to ineligible charges would constitute a violation of a criminal defendant's due process rights.  U.S. Const. amend. V.

**IV.    DISCUSSION**

A completed Hobbs Act robbery is a qualifying predicate offense for the application of Section 924(c)'s mandatory minimum.  The Hobbs Act prohibits committing, attempting to commit, or conspiring to commit robbery affecting interstate commerce.  18 U.S.C. § 1951(a).  A conviction for Hobbs Act robbery requires proof that the defendant took another's property unlawfully "by means of actual or threatened force," but the use of force is not required in convictions for attempted robbery or conspiracy to commit robbery.  18 U.S.C. §§ 1951(a)-(b).  Section 924(c)'s mandatory minimum sentences apply to persons brandishing a firearm during and in relation to 'crimes of violence.'  18 U.S.C. § 924(c)(1)(A).  A crime of violence, as defined in Section 924(c)'s elements clause, is one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  A crime of violence had been alternatively defined in Section 924(c)'s residual clause as "involv[ing] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," a provision nearly identical to the residual clause of the Armed Career Criminal Act held to be unconstitutionally vague in *Johnson*.  18 U.S.C. § 924(c)(3)(B); 135 S. Ct. at 2557-59.  The Supreme Court subsequently invalidated the residual clause in Section 924(c).  *See United States v. Davis*, 139 S. Ct. 2319 (2019).

Following the invalidation of Section 924(c)'s residual clause, the Supreme Court determined that an *attempted* Hobbs Act robbery does not qualify as a predicate crime of violence for the purposes of Section 924(c)'s sentencing enhancements because it does not require proof of the use, or attempted use, of force. *United States v. Taylor*, 142 S. Ct. 2015, 2021 (2022). However, a *completed* Hobbs Act robbery remains a crime of violence under Section 924(c)'s surviving elements clause. *See United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023). The Third Circuit has joined with other Circuit courts in determining that the predicate crime, and whether it qualifies as a crime of violence, can be established by the factual record, including by examination of the "plea agreement and attendant factual proffer." *Id.* at 112 (internal quotations omitted). Accordingly, defendants cannot avoid liability by arguing that they had pled to the minimum conduct described in Section 1951(a) where the facts establish that there was a completed robbery. *Id.*

The factual record shows that Section 924(c) was properly applied to the Petitioner's convictions. The Petitioner pled guilty to a total of three gunpoint robberies and their underlying factual basis, which included the actual taking of property by threat or use of force. These constitute completed Hobbs Act robberies and are qualifying predicate crimes for the application of Section 924(c). As such, the Court will not disturb the Petitioner's sentence.

## V.     CONCLUSION

For the foregoing reasons, the Petitioner's Motion to Vacate, Set Aside, or Correct the Sentence is Denied.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**